IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>SCOTT LEAVITT AND RYAN RIDDLE,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:11-cr-501-DN-PMW<br><br>District Judge David Nuffer |

Defendant Scott Leavitt filed a Motion to Dismiss[1] based upon lack of subject matter jurisdiction, in which Defendant Ryan Riddle joined.[2] The prosecution filed a prompt response,[3] and Defendant Leavitt filed a reply.[4] For the reasons set forth below, the Motion is DENIED.

## DISCUSSION

On the eve of trial, and well after the dispositive motion deadline,[5] Defendant Leavitt filed a motion to dismiss claiming the court lacks subject matter jurisdiction based on "indisputable facts."[6] The motion does not contain any new information that was not known prior to the dispositive motion deadline. It appears that Defendant Leavitt mischaracterized the motion as raising a jurisdictional question to defeat the dispositive motion deadline, because "[a]

---

[1] Motion to Dismiss Based on an Indisputable Lack of Subject Matter Jurisdiction (Motion), docket no. 1052, filed January 25, 2016.

[2] Motion for Joinder in Doc. No. 1052, docket no. 1076, filed January 27, 2016.

[3] United States' Response to Defendant Leavitt's Motion to Dismiss Based on an Indisputable Lack of Subject Matter Jurisdiction (Response), docket no. 1067, filed January 26, 2016.

[4] Reply in Further Support of Defendant's Motion to Dismiss Based on an Indisputable Lack of Subject Matter Jurisdiction (Reply), docket no. 1080, filed January 27, 2016 at 5:02 p.m. (Reply deadline was 5:00 p.m. *See* Minute Entry, docket no. 1065, filed January 25, 2016).

[5] Docket Text Order, docket no. 683, filed October 9, 2015 ("dispositive motions due on or before 10/30/15").

[6] Motion at 30.

motion that the court lacks jurisdiction may be made at any time while the case is pending."[7] In reality, the motion challenges the sufficiency of the prosecution's evidence regarding an essential element of some of the counts charged in the superseding indictment.[8] A motion like this is more appropriate under Rule 29 because there is evidence in the record at the time such a motion is made.

The indictment charges that Defendants committed the crimes of conspiracy, making false statements to a bank, wire fraud, bank fraud, participating in fraudulent banking activities, conspiracy to commit money laundering, and money laundering.[9] The indictment identifies Wells Fargo Bank, insured by Federal Deposit Insurance Corporation (FDIC), as the financial institution affected by Defendants' actions.[10] Defendants Leavitt and Riddle assert that "the undisputed evidence presented with this motion shows that [Wells Fargo Bank, N.A.] had no involvement"[11] with the merchant accounts at issue and the court must dismiss the indictment for lack of subject matter jurisdiction. This would be important under charges against these defendants for 18 U.S.C. § 1014 (false statement to a bank), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1005 (participating in fraudulent banking activities), which all apply only when the bank is FDIC insured

In advancing the argument that this court lacks subject matter jurisdiction, Defendants rely on *United States v. Davis,*[12] in which the Fifth Circuit states that under the bank fraud statute

---

[7] Fed. R. Crim. P. 12(b)(2).

[8] Response at 2. As noted later in the Response, even if the motion were granted, it would not dismiss the charges of Conspiracy, 18 U.S.C. § 371, or Wire Fraud, 18 U.S.C. § 1343, because those counts do not require the element of a FDIC-insured entity. *See* Response at 18-20.

[9] *See* Third Superseding Indictment, docket no. 584, filed August 5, 2015.

[10] *See id*.

[11] Motion at 10.

[12] 735 F.3d 194 (5th Cir. 2013).

18 U.S.C § 1344, proof the financial institution is FDIC insured is "'not only an essential element of the bank fraud crime, but . . . also necessary for the establishment of federal jurisdiction.'"[13] Unlike Defendants' pretrial motion, the *Davis* court was addressing the defendant's post-conviction appeal, after a trial on the merits, to determine whether the government offered any evidence "on which a rational jury could find beyond a reasonable doubt that the government proved the financial-institution element [which] the indictment charged."[14] Essentially, the *Davis* court was reviewing "the sufficiency of the evidence [presented at trial] on the financial-institution element."[15] In the end, the *Davis* court determined that "the government did not offer evidence sufficient" for the jury to find the financial institution was FDIC insured, and reversed and remanded the case to the district court for further proceedings.[16] The court did not dismiss the case for lack of subject matter jurisdiction.[17]

Defendants have confused an essential, or "jurisdictional," element of the crime with subject matter jurisdiction.

## District Court Has Subject Matter Jurisdiction

Under 18 U.S.C. § 3231, federal courts have subject matter jurisdiction over criminal cases. "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231. . . . That's the beginning and the end of the 'jurisdictional' inquiry."[18] Confusion arises when courts refer to an essential element of the crime as "jurisdictional." The Tenth Circuit has recognized this confusion, and explained that

---

[13] *Id*. at 198 (quoting *United States v. Sanders*, 343 F.3d 511, 516 (5th Cir. 2003).

[14] *Id*. at 199.

[15] *Id*.

[16] *Id*. at 202.

[17] *Id*.

[18] *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999).

> [c]ourts' recurring reference to the elements of a crime as "jurisdictional" to justify dismissal of an indictment which fails to allege an element, however, is misplaced. An indictment's failure to allege an element of a crime "is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case . . . ."[19]

The "jurisdictional" or essential element of some of the crimes charged in this case, including 18 U.S.C. § 1014 (false statement to a bank), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 1005 (participating in fraudulent banking activities), is that the bank must be FDIC insured. This means that the prosecution must prove that element to carry its burden of proof on those counts. Failure to do so would mean only that the prosecution failed to prove a federal crime had been committed. Failing to prove an element of the crime does not deprive the court of subject matter jurisdiction over those counts because subject matter jurisdiction is based on 18 U.S.C. § 3231.

## Evidence Outside the Indictment

Because there is subject matter jurisdiction over this criminal prosecution, the Motion must be construed as a motion to dismiss based upon insufficient evidence of a federal crime.

"Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment."[20]

> An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment

---

[19] *United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir. 2001) (en banc) (quoting *United States v. Martin*, 147 F.3d 529, 532 (7th Cir. 1998)). *Prentiss* was overruled in part on other grounds by *United States v. Cotton*, 535 U.S. 625 (2002).

[20] *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003) (citing *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).

should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.[21]

Yet the Tenth Circuit has recognized that a district court may go beyond the allegations of the indictment to dismiss the charges before trial under some very limited circumstances:

> where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Pretrial dismissal based on undisputed facts is a determination that "*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt." Dismissal in this manner is the "rare exception," not the rule. Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.[22]

Thus, "[t]o warrant dismissal, it must be clear from the parties' *agreed* representations about the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose."[23]

Defendants Leavitt and Riddle assert that their pretrial challenge of the indictment is one of these rare exceptions to the rule because "the undisputed facts in this case show how Defendant[s] cannot be convicted on [the counts alleged in the indictment]."[24] However, Defendants rely on their own facts and evidence which "are outside the indictment, hotly disputed by the government, and intimately bound up in the question of [Defendants'] guilt or innocence."[25]

---

[21] *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citations omitted).

[22] *United State v. Todd*, 466 F.3d 1062, 1068 (10th Cir. 2006) (quoting *Hall*, 20 F.3d at 1088).

[23] *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010).

[24] Motion at 31.

[25] *Pope*, 613 F.3d at 1257.

**1.      Defendants Rely on Facts Outside the Indictment**

The sufficiency of an indictment is "tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency."[26] The indictment states that Wells Fargo Bank is the financial institution insured by FDIC that was affected by Defendants' conduct as charged in the indictment.  For purposes of a pretrial motion, these allegations must be taken as true.

In defiance of this principle, Defendants argue that "the Court should not be misled to think that any can make assumptions regarding the role played by [Wells Fargo Bank, N.A.]."[27] Defendants' Motion sets forth voluminous amounts of evidence[28] along with their expert's interpretation of that evidence,[29] all of which are outside the indictment.  Pretrial review and analysis of extensive amounts of evidence outside of the indictment is not permitted, even under the "rare exception" to the rule as set out in *Hall*, especially when the evidence is disputed. Pretrial fact-finding by the district court based on evidence outside of the indictment "can risk trespassing on territory reserved to the jury as the ultimate finder of fact in our criminal justice system."[30]

---

[26] *Hall*, 20 F.3d at 1087.

[27] Motion at 34.

[28] Appendix to Motion to Dismiss based on an Indisputable Lack of Subject Matter Jurisdiction (Appendix), docket no. 1054, filed January 25, 2016 (containing 51 exhibits and 2,285 pages).

[29] Declaration of Gene Hoffman in Support of Defendant's Motion to Dismiss Based on an Indisputable Lack of Subject Matter Jurisdiction (Hoffman Decl.), docket no. 1052-1 filed January 25, 2016.

[30] *Pope*, 613 F.3d at 1259.

**2.      The Alleged Facts are Disputed and Government Objects**

Defendants assert numerous times that their submitted evidence is undisputed.[31] This is simply not true. Defendants say this to fit into the "rare exception" for pretrial dismissal "where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case."[32] Under the "rare exception," "extra-indictment evidence thus must be undisputed in the sense that it is *agreed* to by the parties—neither side having expressed any objection to its consideration or any objection to its completeness and accuracy."[33]

Here, the prosecution clearly objects to both consideration of the evidence and its completeness and accuracy. "[T]he United States disagrees with how [Defendants] portray[] the evidence, objects to the failure to present other relevant evidence, and objects to any notion that Wells Fargo, CardFlex, First Data, Visa, and MasterCard witnesses would not be allowed to testify about where the merchant accounts existed in this case."[34] Because the prosecution disputes and objects to the evidence submitted by Defendants, the *Hall* exception permitting pretrial dismissal of the indictment on a factual basis outside the indictment is not applicable.

**3.      The Motion Cannot be Determined Without a Trial on the Merits[35]**

Pretrial dismissal is not warranted under the *Hall* exception because of the massive amount of disputed evidence, the objections to the evidence, and its alleged incompleteness. Because the evidence is disputed, it cannot show "that, as a matter of law, the Defendant[s] could

---

[31] Motion at 7, 10, 12, 13, 15, 16, 18, 20, 22, 31, and 38.

[32] *Hall*, 20 F.3d at 1088.

[33] *Pope*, 613 F.3d at 1261.

[34] Response at 17 (Response lists examples of omitted relevant evidence at 11-17).

[35] *See* Fed. R. Crim. P. 12(b)(3).

not have committed the offense for which [they were] indicted."[36] "If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."[37] Consequently, this motion cannot be determined without a trial on the merits.

## ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss[38] for lack of subject matter jurisdiction is DENIED.

Signed February 1, 2016.

BY THE COURT

District Judge David Nuffer

---

[36] *Todd*, 466 F.3d at 1068.

[37] *Pope*, 613 F.3d at 1259.

[38] Docket no. 1052.